**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

DAVID HUGHES, #322627,

           Petitioner,

v.                           CIVIL ACTION NO. 2:06cv561

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

           Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.  For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

## I. STATEMENT OF THE CASE

### A. Background

    On April 7, 2003,[1] Petitioner, David Hughes ("Hughes"), was convicted by a jury in the Circuit Court for the City of Hampton ("Circuit Court") of malicious wounding, shooting at an occupied

---

[1]The Court notes that Respondent misstated the date of the conviction as April 3, 2003, while the record reflects the actual date was April 7, 2003.  See Respondent's Brief in Support of Motion to Dismiss and Rule 5 Answer, at 1.

vehicle, use of a firearm in the commission of a felony, and possession of a firearm by a convicted felon.[2]  After a sentencing hearing on June 10, 2003, Hughes was sentenced to a total of thirty (30) years imprisonment, as reflected in the court's sentencing order dated June 10, 2003.  Circuit Court No. CR02-692.

On October 1, 2003, Hughes filed a petition for appeal in the Court of Appeals of Virginia ("Court of Appeals").[3]  On December 18, 2003, the Court of Appeals denied the petition for appeal. Record No. 1481-03-1 (per curiam) ("Hughes I").[4]

On December 29, 2003, Hughes appealed his convictions to the

---

[2]Hughes was represented at his preliminary hearing by A.J. Stone, Jr., Esq. ("Attorney Stone"), and Hughes was represented at trial, sentencing, and on direct appeal by Richard S. Yarow, Esq. ("Attorney Yarow").

[3]In that petition, Hughes raised a single ground for appeal, namely that the trial court erred in denying the defendant's motion to strike the Commonwealth's evidence and by allowing the case to go to the jury because the evidence was insufficient to support his convictions.

[4]In so doing, the Court of Appeals determined that the issue had never been properly presented to the trial court, thus it would not be considered on appeal.  Hughes I, at 1-2 (citing Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal."))  Specifically, the Court of Appeals determined that in making his motion to strike the Commonwealth's evidence, trial counsel had failed to challenge the sufficiency of the evidence with the specificity that Rule 5A:15(a) demands.  Id. at 2.  That court also determined that there were no grounds to invoke the good cause or ends of justice exceptions to that rule. Id.

Supreme Court of Virginia.[5]  On June 2, 2004, the Supreme Court of
Virginia summarily refused the petition for appeal.  Record No.
032964 ("Hughes II").  On June 17, 2004, Hughes filed a pro se
petition to set aside the judgment of the Supreme Court of Virginia
in Hughes II.  The Supreme Court of Virginia denied that petition
on October 1, 2004.  Hughes did not file a petition for certiorari
in the United States Supreme Court.

On October 3, 2005,[6] Hughes filed a pro se petition for a writ
of habeas corpus in the Supreme Court of Virginia ("state habeas
petition"), raising twelve (12) ineffective assistance of counsel
claims.[7]  The Supreme Court of Virginia dismissed the petition by

---

[5]The sole ground for this appeal was the same as that
presented to the Court of Appeals.  See supra, note 3.

[6]On September 14, 2005, Hughes moved for an extension of time
within which to file his state habeas petition, but the Supreme
Court of Virginia denied that request on September 23, 2005.
    The state habeas petition appears to have been executed by
Hughes on September 28, 2005, but it was not stamped as filed by
the court until October 3, 2005.  The Court notes that a Virginia
Supreme Court Special Rule, effective September 1, 2004, recognizes
a prison mailbox rule for inmate filings in the Virginia trial
courts: a paper is timely filed by an inmate when "deposited in the
institution's internal mail system with first-class postage prepaid
on or before the last day of filing."  Va. Sup. Ct. R. 3A:25.  In
the absence of evidence to the contrary, the Court has applied this
rule in considering Hughes' state habeas petition as filed on
September 28, 2005.

[7]Specifically, Hughes raised the following grounds:
    (1) Ineffective assistance of counsel for failure to
investigate and present mitigating evidence;
    (2) Ineffective assistance of counsel for failure to present
evidence of conflicting testimony and statements;
    (3) Ineffective assistance of counsel for failure to conduct
an adequate pretrial investigation into Hughes' case;
    (4) Ineffective assistance of counsel for failure to subpoena

order, dated March 22, 2006.[8]   Record No. 052034 ("<u>Hughes III</u>").

---

and call material witnesses for petitioner's defense;

(5) Ineffective assistance of counsel for failure to file motions in limine to exclude and/or limit certain prejudicial evidence;

(6) Ineffective assistance of counsel for failure to substantiate a motion to strike the Commonwealth's evidence at the conclusion of the case in chief, thus waiving appellate review;

(7) Ineffective assistance of counsel for failure to file certain post-trial motions;

(8) Ineffective assistance of counsel for failure to obtain the trial transcripts of the mistrial, which would have shown that the Commonwealth's witnesses changed their testimony;

(9) Ineffective assistance of counsel for failure to effectively cross-examine the Commonwealth's witnesses;

(10) Ineffective assistance of counsel for failure to object to the Commonwealth's misconduct;

(11) Ineffective assistance of counsel for failure to object to the jury instructions; and

(12) Ineffective assistance of counsel for failure to object to the Commonwealth's prejudicial comments during the course of the trial.

[8]In dismissing the petition, the Supreme Court of Virginia determined that all of Hughes' claims in the state habeas petition failed under both the "performance" and "prejudice" prongs of <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), for the following reasons:

1. As to claims (1) and (3), the court found that the variations between the witnesses' testimony and the police statement were minor and that counsel investigated the matter and could not identify any facts or witnesses with which to present a viable defense.  <u>Hughes III</u>, at 2.

2. As to claim (2), the court found that counsel had cross-examined the witnesses and that the discrepancies in their testimony were minor and clear from the record. <u>Id.</u> at 2-3.  Also, Hughes had not alleged what additional information would have been revealed upon further cross-examination. <u>Id.</u> at 3.

3. As to claim (4), the court found that Hughes had failed to proffer what additional information would have been revealed had additional witnesses been subpoenaed or if additional documents had been offered into evidence. <u>Id.</u> at 3-4.  Also, Hughes had not articulated how any such additional information would have affected the trial. <u>Id.</u> at 4.

4. As to claim (5), the court found that counsel had determined there was no basis on which to file any motions in

The Supreme Court of Virginia also denied Hughes' April 27, 2006

petition for rehearing, by order, dated June 15, 2006.  Record No.

---

limine or to seek to exclude or limit any prejudicial evidence.
<u>Id.</u> at 5.  Also, Hughes had not alleged any basis on which the
court could conclude such a motion would have been successful.  <u>Id.</u>
     5. As to claim (6), the court found that, based upon the
evidence in the record, though counsel made a motion to strike, and
renewed that motion at the close of the evidence, counsel had no
good faith basis on which to argue that any specific evidence
supported that motion.  <u>Id.</u> at 4-5.  Also, Hughes had not alleged
any basis on which a challenge to the sufficiency of the evidence
would have been successful on appeal.  <u>Id.</u> at 5.
     6. As to claim (7), the court found that Hughes had not
specified what post-trial motions should have ben filed or alleged
any grounds upon which such motions would have been successful.
<u>Id.</u> at 7.  Also, the record indicated that counsel had no good-
faith basis on which to file such motions.  <u>Id.</u>
     7. As to claim (8), the court found that though Hughes
referred to a "mistrial," it appeared that he actually was
referring to the proceedings of his preliminary hearing, in which
no such transcripts are available.  <u>Id.</u> at 5-6.  Also, Hughes had
not articulated how such transcripts would have affected his case.
<u>Id.</u> at 6.
     8. As to claim (9), the court found that Hughes had not
articulated what additional information would have been revealed
upon further cross-examination.  <u>Id.</u> at 6-7.
     9. As to claim (10), the court found that Hughes had failed to
articulate how the Commonwealth's behavior constituted misconduct
or any grounds upon which counsel could have objected to that
conduct.  <u>Id.</u> at 7.
     10. As to claim (11), the court found that Hughes had failed
to articulate any allegedly improper jury instructions, which the
record established were proper and agreed upon by counsel for both
parties.  <u>Id.</u> at 7-8.
     11. As to claim (12), the court found that the record
reflected the prosecutor did not make any unduly prejudicial
remarks.  <u>Id.</u> at 8.  Also, Hughes had not articulated any legal
basis upon which an objection to the prosecutor's comments would
have been successful.  <u>Id.</u>

As such, for each of the foregoing claims, the court found that
Hughes had failed to establish counsel's performance was deficient
under <u>Strickland</u> or that, but for counsel's alleged errors, there
was a reasonable likelihood of a different outcome under
<u>Strickland</u>.  <u>See generally</u>, <u>Hughes III</u>.

052034 ("Hughes IV").

On September 15, 2006, while in the custody of the Virginia
Department of Corrections at the Sussex 2 State Prison, Hughes
executed the instant federal petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254 ("federal habeas petition").[9]  The
federal habeas petition, which was accompanied by a supporting
memorandum ("Petitioner's Memorandum"), was filed by this Court on
October 4, 2006.  On December 13, 2006, Respondent filed
Respondent's Motion to Dismiss and Rule 5 Answer (collectively,
"Respondent's Motion to Dismiss"), accompanied by a supporting
brief ("Respondent's Brief"), and a Notice of Motion Pursuant to
Local Rule 7(K).  The Court did not receive any response to
Respondent's Motion to Dismiss from Hughes.

## B. Grounds Alleged

Hughes now asserts in this Court that he is entitled to relief
under 28 U.S.C. § 2254 for the reasons substantially as follow:

    (1)  Ineffective assistance of counsel for failure to
       investigate mitigating evidence;

---

[9]The federal habeas petition appears to have been executed on
September 15, 2006, was received by the United States District
Court for the Eastern District of Virginia, Richmond Division, on
September 26, 2006, and was filed with this Court on October 4,
2006.  Pursuant to the Rules Governing Section 2254 Cases in the
United States District Courts, Rule 3(d), as amended on December 1,
2004, the Court recognizes the prison mailbox rule for federal
habeas petitions.  Accordingly, as there is no evidence in the
record to the contrary, the Court will assume that Hughes delivered
his federal habeas petition for mailing on the date he signed it,
September 15, 2006.  Further, the Court considers the petition as
being filed, for statute of limitations purposes, on that date.

    (2)  Ineffective assistance of counsel for failure to
        present evidence of conflicting testimony and
        statements;

    (3)  Ineffective assistance of counsel for failure to
        conduct an adequate pretrial investigation;

    (4)  Ineffective assistance of counsel for failure to
        subpoena and call material witnesses;

    (5)  Ineffective assistance of counsel for failure to
        file motions in limine to exclude and/or limit
        certain prejudicial evidence;

    (6)  Ineffective assistance of counsel for failure to
        substantiate a motion to strike the Commonwealth's
        evidence at the conclusion of the case in chief,
        thus waiving appellate review;

    (7)  Ineffective assistance of counsel for failure to
        file certain post-trial motions;

    (8)  Ineffective assistance of counsel for failure to
        obtain the trial transcripts of the mistrial, which
        would have shown that the Commonwealth's witnesses
        changed their testimony;

    (9)  Ineffective assistance of counsel for failure to
        effectively cross-examine the Commonwealth's
        witnesses;

   (10)  Ineffective assistance of counsel for failure to
        object to the Commonwealth's misconduct;

   (11)  Ineffective assistance of counsel for failure to
        object to the jury instructions; and

   (12)  Ineffective assistance of counsel for failure to
        object to the Commonwealth's prejudicial comments
        during the course of the trial.

See generally, Petitioner's Memorandum.  Hughes asserted the
essence of these claims in his state habeas petition – each of
which was rejected on the merits by the Supreme Court of Virginia
in Hughes III.

## II. **PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING**

As a preliminary matter, the Court considers Hughes' request
for an evidentiary hearing.  The Court has determined that an
evidentiary hearing is not required, as purely legal issues are
presented and the record before the Court adequately resolves the

legal issues raised.  See Rule 8 of the Rules Governing Section 2254 Cases.  Accordingly, the Court DENIES Hughes' motion for an evidentiary hearing.

### III. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

#### A. Exhaustion Requirement

Ordinarily, a state prisoner must exhaust remedies available in state court before seeking federal habeas corpus relief.  28 U.S.C. § 2254(b) and (c); <u>Picard v. Conner</u>, 404 U.S. 270, 275 (1971).  As such, this Court cannot grant habeas relief unless the petitioner has exhausted the remedies available to him in the courts of Virginia.  See <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999).  "Section § 2254(c) requires only that state prisoners give state courts a <u>fair</u> opportunity to act on their claims."  <u>Id.</u> at 844. (emphasis in original).  A petitioner has to present the substance of each claim during state proceedings.  <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997).  A petitioner also "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  <u>O'Sullivan</u>, 526 U.S. at 845.  If a claim has been addressed by the state's highest court on either direct or collateral review, it is exhausted.  <u>Id.</u> at 844 (citing <u>Brown v. Allen</u>, 344 U.S. 443, 447 (1953).  The Court notes that it is a petitioner's burden to prove that his claims have been exhausted.  <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997).

If his claims could not be exhausted in state court because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims are procedurally defaulted in federal court and federal habeas review is ordinarily barred. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

In the instant case, Respondent concedes that Hughes' claims are exhausted because he previously raised them in the Supreme Court of Virginia. Respondent's Brief, at 4. The Court concurs and therefore FINDS that each of Hughes' claims are exhausted and should be addressed herein.[10]

### B. Claims Rejected on the Merits in State Proceedings

The Court now considers claims 1-12 of Hughes' federal habeas petition on the merits.

---

[10]The Court notes that Respondent has not addressed whether Hughes' federal habeas petition was timely filed. It appears that Hughes' conviction became final on December 30, 2004, which was ninety (90) days after the denial of his direct appeal on October 1, 2004 by the Supreme Court of Virginia and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired. See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Accordingly, Hughes had a one (1) year statute of limitations from that date, or until October 1, 2005, in which to file his habeas petition with this Court. 28 U.S.C. § 2244(d)(1). That deadline was tolled, however, for 260 days during the pendency of his state habeas petition (from the date it was filed, September 28, 2005, until the final rejection by the Supreme Court of Virginia on June 15, 2006). Thus, the federal habeas petition would have been due to be filed by September 18, 2006 (the actual due date being September 16, 2006, which was a Saturday). Because the instant federal petition was considered as filed on September 15, 2006, for statute of limitations purposes, see supra note 9, it was timely filed in this Court.

### 1. Merits Analysis

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000). See also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams[].") Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court

10

decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be [objectively] unreasonable." Id. at 411.  Further, the Court is mindful that "a determination on a factual issue by a State court shall be presumed correct [in a habeas proceeding]," and the burden is on a petitioner to rebut that "presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(d)(2); see also Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003), cert. denied, 541 U.S. 1032 (2004).

### 2. Ineffective Assistance of Counsel Standard

In each of the instant claims, Hughes has asserted ineffective assistance of counsel.  These claims include both of his counsel, see supra note 2: Attorney Stone (for pre-trial investigation and initial proceedings) and Attorney Yarow (for pre-trial investigation and trial proceedings).  The controlling standard for such claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984).  As such, to grant Hughes relief on his claims, this Court must find that the state court's dismissal of those claims involved an unreasonable application of Strickland.  Under Strickland, the state court was required to subject each claim to a two-prong test in which the petitioner must prove both ineffective assistance (incompetence) and prejudice.  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).  To grant relief, the state court had to find: (1) the petitioner's lawyer's performance fell below the range of

competence demanded of lawyers in criminal cases, Strickland, 466 U.S. at 690; and (2) there is a reasonable probability that, but for the deficient performance by counsel, the ultimate result would have been different, id. at 694.[11]

When assessing counsel's performance under Strickland's first prong, the Supreme Court has stressed that the constitutional guarantee of effective assistance of counsel seeks only to "ensure that criminal defendants receive a fair trial," and not to "improve the quality of legal representation." Id. at 689.  The reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.  In order to prevail, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).  Accordingly, the reviewing court must grant a "heavy measure of deference to counsel's judgments," and, in doing so, may only evaluate such performance from counsel's perspective at the time of the alleged error and in light of all the circumstances.  Id. at 690-91; Kimmelman, 477 U.S. at 381.  Additionally, a reviewing court generally should assess counsel's overall performance throughout the case, Kimmelman, 477

[11]The Court notes, however, that by federal statute, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i) (emphasis added).

U.S. at 386, and avoid "Monday morning quarterbacking." <u>Stamper v.</u>
<u>Muncie</u>, 944 F.2d 170, 178 (4th Cir. 1991); <u>see also</u> <u>Strickland</u>, 466
U.S. at 689 ("A fair assessment of attorney performance requires
that every effort be made to eliminate the distorting effects of
hindsight . . . .").

The second prong of the <u>Strickland</u> analysis presents an
equally rigorous standard.  To affirmatively prove prejudice, a
petitioner must do more than merely demonstrate that his attorney's
error had "some conceivable effect" on the outcome of the case.
<u>Strickland</u>, 466 U.S. at 693.  Rather, the petitioner must
demonstrate "a reasonable probability[12] that, but for counsel's
unprofessional errors, the result of the proceeding would have been
different." <u>Id.</u> at 694.  As with the first prong, the reviewing
court must consider the totality of the evidence before it in
conducting the prejudice inquiry. <u>Id.</u> at 695.

Additionally, a reviewing court need not consider the two
prongs of the <u>Strickland</u> analysis in sequential order. <u>Strickland</u>,
466 U.S. at 697.  The court need not even address both prongs if
the petitioner fails to make a sufficient showing on one. <u>Id.</u>
When evaluating an ineffective assistance of counsel claim, a court
should first apply whichever prong more quickly disposes of the

---

[12]The Court notes that this standard is not so high as to
require that a petitioner "show that counsel's deficient conduct
more likely than not altered the outcome in the case." <u>Strickland</u>,
466 U.S. at 693-94.  "A reasonable probability is a probability
sufficient to undermine confidence in the outcome." <u>Id.</u> at 694.

respective claim.  See id.

### a.  Claims 1 and 3

In claims 1 and 3, Hughes asserts that counsel was ineffective for failing to properly investigate the case and for failing to present mitigating evidence.  Petitioner's Memorandum, at 6, 21. Specifically, Hughes argues that both counsel failed to properly investigate a number of discrepancies, to include the police report given by the witness, Roger Miller ("Miller"), that would have shown Miller's description of the shooter did not fit Hughes.  Id. Had such investigations been performed, Hughes asserts, it would have been discovered that he was not the shooter.

In the instant case, the Supreme Court of Virginia rejected Hughes' ineffective assistance of counsel claims on the merits, citing Strickland v. Washington, 466 U.S. 668, 687 (1984). Accordingly, this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable."  See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (quoting Aycox v. Little, 196 F.3d 1174, 1178 (10th Cir. 1999)).

The Supreme Court of Virginia found, based on its review of the record, that Hughes failed to satisfy either prong of Strickland for this claim because he did not demonstrate that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged error, the result of

14

the proceeding would have been different.  Hughes III, at 2.
Specifically, the Supreme Court of Virginia found that the
variations between the witnesses' testimony and the police
statement were minor and that, while Miller gave "a tenuous
physical description of the shooter," he also testified that he saw
the shooter follow the victim out of her house, and the victim
testified that the petitioner was the only other person inside the
house with the victim and that the petitioner followed her outside.
Id.  The court also found that counsel investigated the information
provided by the petitioner and could not identify any facts or
witnesses with which to present a viable defense.   Id.
Accordingly, the court found that Hughes had failed to demonstrate
that counsel's performance was deficient or that there was a
reasonable probability that, but for counsel's alleged error, the
result of the proceeding would have been different.  Id.

Because the state court clearly articulated the rationale
behind its ruling, an independent review of the record is not
necessary.  See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000).
This Court may not grant relief on any claim previously adjudicated
on the merits in state court unless one of the two statutory
exceptions applies.  There is nothing to suggest that adjudication
on the merits by the state court was contrary to, or an
unreasonable application of, clearly established federal law.  On
its face, the state court's rationale appears to be a reasonable

application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), which provides the controlling standard in ineffective assistance of counsel claims.   Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Hughes has failed to show that the Supreme Court of Virginia's dismissal of these claims on the merits was either factually or legally unreasonable.   Accordingly, this Court RECOMMENDS that claims 1 and 3 be DENIED.

### b.   Claim 2

In claim 2, Hughes further asserts that counsel was ineffective for failing to present evidence of conflicting testimony and statements.   Petitioner's Memorandum, at 11. Specifically, Hughes points to a number of alleged discrepancies between the testimony of the victim, Nyree Johnson, and the witness, Miller, that he asserts should have been presented by counsel.   <u>Id.</u> at 11-20.

The Supreme Court of Virginia rejected Hughes' ineffective assistance of counsel claim on the merits, under <u>Strickland</u>, thus this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable."   <u>See</u> <u>Bell</u>, 236 F.3d at 163 (citations omitted).

The Supreme Court of Virginia considered this claim and found,

based on its review of the record, that Hughes failed to satisfy either prong of <u>Strickland</u>. <u>Hughes III</u>, at 2-3. The court found the record demonstrated that counsel had adequately cross-examined the witnesses and that any discrepancies in their testimony "were minor and clear from the record." <u>Id.</u> at 3. The court further found that Hughes had not established what any additional cross-examination of the witnesses would have revealed. <u>Id.</u> Accordingly, the court found that Hughes had failed to demonstrate that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different. <u>Id.</u>

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. See <u>Bell</u>, 236 F.3d at 163. This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. On its face, the state court's rationale appears to be a reasonable application of <u>Strickland</u>, which provides the controlling standard in ineffective assistance of counsel claims. Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the

17

facts.

Based on the foregoing, Hughes has failed to show that the Supreme Court of Virginia's dismissal of this claim on the merits was either factually or legally unreasonable.  Accordingly, this Court RECOMMENDS that claim 2 be DENIED.

### c.  Claim 4

In claim 4, Hughes further asserts that counsel was ineffective for failing to subpoena and call material witnesses in his defense.  Petitioner's Memorandum, at 26.  Specifically, Hughes argues that counsel should have called Miller as a witness for cross-examination at the preliminary hearing, and that a number of other witnesses, including Hampton police officers and the doctors who treated the victim, should have been called for cross-examination at trial.  Id. at 26-31.

The Supreme Court of Virginia rejected Hughes' ineffective assistance of counsel claim on the merits, under Strickland, thus this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable."  See Bell, 236 F.3d at 163 (citations omitted).

The Supreme Court of Virginia considered this claim and found, based on its review of the record, that Hughes failed to satisfy either prong of Strickland.  Hughes III, at 3-4.  The court found that Hughes had failed to proffer what additional information would have been revealed had additional witnesses been subpoenaed or if

additional documents had been offered into evidence.  Id. at 3.
The record reflected that Hughes was directly indicted by a grand
jury after the Commonwealth moved to nolle prosequi his charges
during the preliminary hearing.  Id.  Also, the court found that
Hughes had not articulated how any such additional information
would have affected the trial.  Id. at 4.  Accordingly, the court
found that Hughes had failed to demonstrate that counsel's
performance was deficient or that there was a reasonable
probability that, but for counsel's alleged error, the result of
the proceeding would have been different.  Id.

Because the state court clearly articulated the rationale
behind its ruling, an independent review of the record is not
necessary.  See Bell, 236 F.3d at 163.  This Court may not grant
relief on any claim previously adjudicated on the merits in state
court unless one of the two statutory exceptions applies.  There is
nothing to suggest that adjudication on the merits by the state
court was contrary to, or an unreasonable application of, clearly
established federal law.  On its face, the state court's rationale
appears to be a reasonable application of Strickland, which
provides the controlling standard in ineffective assistance of
counsel claims.  Moreover, there is nothing to suggest that
adjudication on the merits by the state court resulted in a
decision that was based on an unreasonable determination of the
facts.

19

Based on the foregoing, Hughes has failed to show that the Supreme Court of Virginia's dismissal of this claim on the merits was either factually or legally unreasonable. Accordingly, this Court RECOMMENDS that claim 4 be DENIED.

### d. Claim 5

In claim 5, Hughes further asserts that counsel was ineffective for failing to file motions in limine to exclude and/or limit certain prejudicial evidence. Petitioner's Memorandum, at 31. Specifically, Hughes argues that counsel should have moved to exclude and/or limit the testimony of the witness, Miller, because his description of the shooter allegedly did not fit Hughes. Id. at 31-35.

The Supreme Court of Virginia rejected Hughes' ineffective assistance of counsel claim on the merits, under Strickland, thus this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable." See Bell, 236 F.3d at 163 (citations omitted).

The Supreme Court of Virginia considered this claim and found, based on its review of the record, that Hughes failed to satisfy either prong of Strickland. Hughes III, at 4. The court found that the record indicated that counsel had no factual basis on which to file such a motion and that Hughes had failed to establish any legal or factual basis upon which such a motion would have been successful. Id. Accordingly, the court found that Hughes had

20

failed to demonstrate that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.  Id.

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary.  See Bell, 236 F.3d at 163.  This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies.  There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law.  On its face, the state court's rationale appears to be a reasonable application of Strickland, which provides the controlling standard in ineffective assistance of counsel claims.  Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Hughes has failed to show that the Supreme Court of Virginia's dismissal of this claim on the merits was either factually or legally unreasonable.  Accordingly, this Court RECOMMENDS that claim 5 be DENIED.

### e.  Claim 6

In claim 6, Hughes further asserts that counsel was ineffective for failing to substantiate a motion to strike the

Commonwealth's evidence at the conclusion of the case, thus waiving appellate review.  Petitioner's Memorandum, at 35.  Specifically, Hughes argues that counsel did not argue or supply facts in support of the motion to strike, to include the failure to use the forensic science report, the failure to argue that inconsistencies in the out-of-court identification of the shooter made the indictment defective, and the failure to use evidence of the fact that a firearm charge was dismissed against Hughes at the preliminary hearing.  Id. at 35-37.

The Supreme Court of Virginia rejected Hughes' ineffective assistance of counsel claim on the merits, under Strickland, thus this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable."  See Bell, 236 F.3d at 163 (citations omitted).

The Supreme Court of Virginia considered this claim and found, based on its review of the record, that Hughes failed to satisfy either prong of Strickland.  Hughes III, at 4-5.  The court found that the record indicated that the evidence against Hughes "was overwhelming," including the facts that his own girlfriend, the victim, testified that Hughes followed her down the stairs and shot her after he saw her get into the car of the witness, Miller, and that Miller testified he saw a male figure follow the victim down the stairs and he also saw a muzzle flash in that male figure's hand and heard the sound of gunshots.  Id.  The court noted that while counsel did make a motion to strike, and he renewed that

22

motion at the close of the evidence, counsel could not make a good-faith representation that any particular evidence supported that motion.  <u>Id.</u> at 5.  Further, with respect to the waiver of the issue on appeal, the court found that Hughes had not established any basis upon which a challenge to the sufficiency of the evidence would have been successful.  <u>Id.</u>  Accordingly, the court found that Hughes had failed to demonstrate that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.  <u>Id.</u>

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary.  <u>See</u> <u>Bell</u>, 236 F.3d at 163.  This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies.  There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law.  On its face, the state court's rationale appears to be a reasonable application of <u>Strickland</u>, which provides the controlling standard in ineffective assistance of counsel claims.  Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Hughes has failed to show that the

Supreme Court of Virginia's dismissal of this claim on the merits was either factually or legally unreasonable.  Accordingly, this Court RECOMMENDS that claim 6 be DENIED.

### f.   Claim 7

In claim 7, Hughes further asserts that counsel was ineffective for failing to file certain post-trial motions. Petitioner's Memorandum, at 37.  Specifically, Hughes argues that counsel did not file post-trial motions regarding the lack of evidence, the allegedly-faulty out-of-court identification, and the credibility and inconsistent testimony by the victim and the witnesses.  Id. at 37-40.

The Supreme Court of Virginia rejected Hughes' ineffective assistance of counsel claim on the merits, under Strickland, thus this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable."  See Bell, 236 F.3d at 163 (citations omitted).

The Supreme Court of Virginia considered this claim and found, based on its review of the record, that Hughes failed to satisfy either prong of Strickland.  Hughes III, at 5.  The court found that Hughes had failed to allege with specificity the post-trial motions that counsel should have filed, and the court further found that Hughes had failed to present the grounds upon which such motions could have been successful.  Id.  The court also found that, based upon the totality of the record, counsel did not have a factual basis upon which to file such motions in good faith.  Id.

24

Accordingly, the court found that Hughes had failed to demonstrate that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.  Id.

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary.  See Bell, 236 F.3d at 163.  This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies.  There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law.  On its face, the state court's rationale appears to be a reasonable application of Strickland, which provides the controlling standard in ineffective assistance of counsel claims.  Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Hughes has failed to show that the Supreme Court of Virginia's dismissal of this claim on the merits was either factually or legally unreasonable.  Accordingly, this Court RECOMMENDS that claim 7 be DENIED.

### g.  Claim 8

In claim 8, Hughes further asserts that counsel was ineffective for failing to obtain the transcripts of the

25

"mistrial," which Hughes alleges would have established that the Commonwealth's witnesses changed their testimony.   Petitioner's Memorandum, at 40.   Specifically, Hughes appears to be referring to the proceedings of his preliminary hearing, at which the witnesses testified on the Commonwealth's behalf, and Hughes argues that counsel erroneously told him that there were no transcripts of the preliminary hearing.   Id. at 40.

The Supreme Court of Virginia rejected Hughes' ineffective assistance of counsel claim on the merits, under Strickland, thus this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable."   See Bell, 236 F.3d at 163 (citations omitted).

The Supreme Court of Virginia considered this claim and found, based on its review of the record, that Hughes failed to satisfy either prong of Strickland.   Hughes III, at 5-6.   The court found that though Hughes referred to a "mistrial" proceeding, it appeared he was actually referring to the preliminary hearing proceeding in the General District Court of the City of Hampton, at which time the Commonwealth move to nolle prosequi the charges against Hughes in favor of the indictments issued by the Grand Jury.   Id. at 6. The court noted that Hughes acknowledged on several occasions that he had been informed by counsel that no transcripts were available for preliminary hearing proceedings, and, moreover, Hughes had failed to establish how the availability of those transcripts would have materially affected the results of his case.   Id.

26

Accordingly, the court found that Hughes had failed to demonstrate that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.  <u>Id.</u>

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary.  <u>See</u> <u>Bell</u>, 236 F.3d at 163.  This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies.  There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law.  On its face, the state court's rationale appears to be a reasonable application of <u>Strickland</u>, which provides the controlling standard in ineffective assistance of counsel claims.  Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Hughes has failed to show that the Supreme Court of Virginia's dismissal of this claim on the merits was either factually or legally unreasonable.  Accordingly, this Court RECOMMENDS that claim 8 be DENIED.

### h.  Claim 9

In claim 9, Hughes further asserts that counsel was ineffective for failing to effectively cross-examine the

27

Commonwealth's witnesses. Petitioner's Memorandum, at 41. Specifically, Hughes asserts that counsel failed to cross-examine: Detective Wilkins, the lead detective of the case, regarding the forensic science report and the out-of-court identification of the shooter; Officer Roberts, the City of Hampton Police Officer who first responded on the scene of the crime, regarding the witness identification of the shooter; Dr. Bidot, the physician who treated the victim, regarding the victim's blood alcohol level on the night of the shooting; and the victim, Johnson, regarding alleged inconsistent testimony. Id. at 41-43.

The Supreme Court of Virginia rejected Hughes' ineffective assistance of counsel claim on the merits, under Strickland, thus this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable." See Bell, 236 F.3d at 163 (citations omitted).

The Supreme Court of Virginia considered this claim and found, based on its review of the record, that Hughes failed to satisfy either prong of Strickland. Hughes III, at 6-7. The court found the record reflected that Hughes' counsel did effectively cross-examine those witnesses, and the court further found that Hughes had failed to allege with specificity what information would have been obtained upon further cross-examination. Id. at 6. Accordingly, the court found that Hughes had failed to demonstrate that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged error, the

result of the proceeding would have been different.  Id. at 6-7.

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary.  See Bell, 236 F.3d at 163.  This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies.  There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law.  On its face, the state court's rationale appears to be a reasonable application of Strickland, which provides the controlling standard in ineffective assistance of counsel claims.  Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Hughes has failed to show that the Supreme Court of Virginia's dismissal of this claim on the merits was either factually or legally unreasonable.  Accordingly, this Court RECOMMENDS that claim 9 be DENIED.

### i. Claim 10

In claim 10, Hughes further asserts that counsel was ineffective for failing to object to the alleged misconduct by the prosecutor during the criminal proceedings.  Petitioner's Memorandum, at 43.  Specifically, Hughes argues that the prosecutor engaged in various forms of misconduct, including the failure to

subpoena certain witnesses at the preliminary hearing, by securing an indictment against Hughes despite the allegedly-faulty identification of the shooter by Miller, and the use of inadmissible evidence at trial, and that counsel was ineffective for failure to object to such "misconduct." Id. at 43-48.

The Supreme Court of Virginia rejected Hughes' ineffective assistance of counsel claim on the merits, under Strickland, thus this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable." See Bell, 236 F.3d at 163 (citations omitted).

The Supreme Court of Virginia considered this claim and found, based on its review of the record, that Hughes failed to satisfy either prong of Strickland. Hughes III, at 7. The court found that Hughes had failed to articulate how such actions by the prosecutor amounted to misconduct, and Hughes had failed to demonstrate any grounds upon which counsel should have objected to such actions by the prosecutor. Id. Accordingly, the court found that Hughes had failed to demonstrate that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different. Id.

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. See Bell, 236 F.3d at 163. This Court may not grant relief on any claim previously adjudicated on the merits in state

court unless one of the two statutory exceptions applies.  There is
nothing to suggest that adjudication on the merits by the state
court was contrary to, or an unreasonable application of, clearly
established federal law.  On its face, the state court's rationale
appears to be a reasonable application of Strickland, which
provides the controlling standard in ineffective assistance of
counsel claims.  Moreover, there is nothing to suggest that
adjudication on the merits by the state court resulted in a
decision that was based on an unreasonable determination of the
facts.

Based on the foregoing, Hughes has failed to show that the
Supreme Court of Virginia's dismissal of this claim on the merits
was either factually or legally unreasonable.  Accordingly, this
Court RECOMMENDS that claim 10 be DENIED.

### j.  Claim 11

In claim 11, Hughes further asserts that counsel was
ineffective for failing to object to the jury instructions.
Petitioner's Memorandum, at 49.  Hughes does not specify which jury
instruction was allegedly objectionable, but he simple asserts that
counsel's failure to object relieved the Commonwealth of its
"burden of proving every element of [the alleged] crime beyond
[sic] reasonable doubt."  Id.

The Supreme Court of Virginia rejected Hughes' ineffective
assistance of counsel claim on the merits, under Strickland, thus
this Court may not grant relief unless it determines that the state

31

court's decision on the merits was "legally or factually unreasonable." See Bell, 236 F.3d at 163 (citations omitted).

The Supreme Court of Virginia considered this claim and found, based on its review of the record, that Hughes failed to satisfy either prong of Strickland. Hughes III, at 7-8. The court found that Hughes failed to identify any allegedly-improper jury instruction, and the court further found the record reflected that the jury instructions were proper and agreed upon by counsel for both the defense and for the Commonwealth. Id. at 7. Accordingly, the court found that Hughes had failed to demonstrate that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different. Id. at 7-8.

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. See Bell, 236 F.3d at 163. This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. On its face, the state court's rationale appears to be a reasonable application of Strickland, which provides the controlling standard in ineffective assistance of counsel claims. Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a

decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Hughes has failed to show that the Supreme Court of Virginia's dismissal of this claim on the merits was either factually or legally unreasonable.  Accordingly, this Court RECOMMENDS that claim 11 be DENIED.

### k.  Claim 12

In claim 12, Hughes further asserts that counsel was ineffective for failing to object to certain allegedly-prejudicial comments made by the prosecutor during the course of the trial. Petitioner's Memorandum, at 52.  Specifically, Hughes argues that the prosecutor's introduction of, and comments upon, certain evidence during the trial, including the testimony of the victim and the witness who allegedly made a faulty identification of the shooter, was prejudicial and that counsel's failure to object to the same constituted ineffective assistance of counsel.  Id. at 55.

The Supreme Court of Virginia rejected Hughes' ineffective assistance of counsel claim on the merits, under Strickland, thus this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable."  See Bell, 236 F.3d at 163 (citations omitted).

The Supreme Court of Virginia considered this claim and found, based on its review of the record, that Hughes failed to satisfy either prong of Strickland.  Hughes III, at 8.  The court found the record reflected that the prosecutor did not make any unduly

33

prejudicial comments during the trial: during opening statements, the prosecutor commented upon what the evidence was expected to be; during argument on the defense motion to strike, the prosecutor properly argued that the Commonwealth had met its burden; and during closing argument, the prosecutor properly based the argument upon evidence in the record.  Id.  Moreover, the court found that Hughes had failed to articulate any legal basis upon which such objections would have been successful.  Id.  Accordingly, the court found that Hughes had failed to demonstrate that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.  Id.

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary.  See Bell, 236 F.3d at 163.  This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies.  There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law.  On its face, the state court's rationale appears to be a reasonable application of Strickland, which provides the controlling standard in ineffective assistance of counsel claims.  Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Hughes has failed to show that the Supreme Court of Virginia's dismissal of this claim on the merits was either factually or legally unreasonable.  Accordingly, this Court RECOMMENDS that claim 12 be DENIED.

## IV. **RECOMMENDATION**

For the foregoing reasons, the Court, having DENIED Hughes's motion for an evidentiary hearing, and having determined that claims 1-12 of the instant petition are without merit, recommends that Hughes' petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Hughes' claims be DISMISSED WITH PREJUDICE.

Hughes has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that:

1.  Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the

Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  <u>See</u> Fed. R. Civ. P. 72(b).

2.  A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

Entered on June 19, 2007

/s/<br>
F. Bradford Stillman<br>
United States Magistrate Judge

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed this date to the following:

David Hughes, #322627
Sussex 2 State Prison
24427 Mussel White Drive
Waverly, VA  23891
PRO SE

James Robert Bryden, II, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
COUNSEL FOR RESPONDENT

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

June   , 2007

37